# United States Court of Appeals
#### FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

**No. 22-5314**                  **September Term, 2024**

FILED ON: MAY 20, 2025

KIALEGEE TRIBAL TOWN,
        APPELLANT

v.

UNITED STATES DEPARTMENT OF THE INTERIOR, ET AL.,
        APPELLEES

---

Appeal from the United States District Court
for the District of Columbia
(No. 1:21-cv-00590)

---

Before: HENDERSON, CHILDS, and GARCIA, *Circuit Judges*.

### J U D G M E N T

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. *See* Fed. R. App. P. 34(a)(2); D.C. Cir. R. 34(j). The Court has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C. Cir. R. 36(d). For the reasons stated in the memorandum accompanying this judgment, it is

**ORDERED** and **ADJUDGED** that the judgment of the district court be **AFFIRMED**.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing *en banc*. *See* Fed. R. App. P. 41(b); D.C. Cir. R. 41.

### Per Curiam

                                   **FOR THE COURT:**
                                    Clifton B. Cislak, Clerk

                 BY:        /s/
                                    Daniel J. Reidy
                                    Deputy Clerk

# **M E M O R A N D U M**

Kialegee Tribal Town (KTT) is a federally recognized tribe and a member of the historic Creek Nation. In 1990, KTT requested that the Bureau of Indian Affairs (BIA), a part of the Department of the Interior (Interior), take two parcels of land within the Creek Reservation into trust. BIA denied the request, concluding that the Muscogee Creek Nation (MCN) held exclusive jurisdiction, and the Interior Board of Indian Appeals affirmed. KTT did not seek review. In 2017, KTT brought an action alleging discriminatory treatment based on Interior's recognition of MCN's authority. The district court dismissed, suggesting KTT might be able to bring a justiciable claim after exhausting administrative remedies. In 2020, BIA denied KTT's proposed liquor ordinance under the same jurisdictional reasoning. KTT returned to court in 2021 with largely the same claims, now citing the ordinance denial. The district court again dismissed and denied reconsideration. KTT has appealed.

The district court correctly dismissed the complaint because it failed to identify a valid cause of action. The only claims advanced in the complaint are for declaratory and injunctive relief. Those are forms of relief, not sources of legal entitlement. *See Ali v. Rumsfeld*, 649 F.3d 762, 778 (D.C. Cir. 2011). To survive dismissal, the complaint was required to identify a statute or other source of law that authorizes suit and affords the relief sought. It did not do so.

Construing the complaint generously, the district court assumed that KTT brought a claim under 25 U.S.C. § 5123(f), which ensures federal agencies do not "classif[y], enhance[], or diminish[]" the rights of one recognized tribe relative to another. That statute does not contain an explicit cause of action so any such right would have to be implicit. But as the district court correctly noted, nothing in the text supports such a right. It is phrased entirely as a limitation on agency behavior, contains no rights-creating language and offers no indication that the Congress intended it to be enforceable through direct litigation. *See Alexander v. Sandoval*, 532 U.S. 275, 288 (2001). We have similarly held that a neighboring provision, 25 U.S.C. § 5123(h), does not provide a private cause of action. *See California Valley Miwok Tribe v. United States*, 515 F.3d 1262, 1266 (D.C. Cir. 2008).

The district court also properly held that KTT's jurisdictional claim is foreclosed by issue preclusion. In 1991, BIA resolved the question at the heart of this case, concluding that KTT could not exercise jurisdiction over lands within the Creek Reservation. That decision was final and binding and KTT identifies no defect in the proceedings that would vitiate its preclusive effect. *See B&B Hardware, Inc. v. Hargis Indus.*, 575 U.S. 138, 148-52 (2015).

In its briefing, KTT does not dispute the preclusive effect of the 1991 decision and argues only that the decision was invalidated by 25 U.S.C. § 5123(g), enacted in 1994. KTT forfeited any argument it might have had against the preclusive effect of the 1991 decision. *See Al-Tamimi v. Adelson*, 916 F.3d 1, 6 (D.C. Cir. 2019) ("A party forfeits an argument by failing to raise it in his opening brief."). And it further forfeited its § 5123(g) argument by failing to raise it in district court until its motion for reconsideration (and after it had already appealed to this court). *Patton Boggs LLP v. Chevron Corp.*, 683 F.3d 397, 403 (D.C. Cir. 2012) ("Rule 59(e) is not a vehicle to present a new legal theory that was available prior to judgment . . . .").

Finally, the district court did not abuse its discretion in dismissing the complaint without leave to amend under Fed. R. Civ. P. 15. Although KTT briefly requested an opportunity to amend in its opposition to dismissal, it neither formally moved to do so nor submitted a proposed amended pleading. It likewise failed to explain how any amendment would cure the complaint's legal deficiencies. In these circumstances, the district court was well within its discretion not to *sua sponte* grant leave. *See Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1280 (D.C. Cir. 1994); *Rollins v. Wackenhut Servs., Inc.*, 703 F.3d 122, 130-31 (D.C. Cir. 2012).

\* \* \*

For the foregoing reasons, we affirm the district court's judgment.